UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

UNITED STATES OF AMERICA

      - against –

AKEEM CHAMBERS,
      also known as "Luca,"
JERELL SHAW,
      also known as "Rells Fargo"
      and "Rells," and
JONATHAN VAZQUEZ,
      also known as "Chulo"
      and "Clutch."

                   Defendants.

--------------------------------------------------------------------X

**FILED**
**CLERK**

2:37 pm, Feb 18, 2026

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
23-CR-157 (JMA)

**AZRACK, United States District Judge:**

The Court is permitting Ziegler to testify as an expert. The Court expects that Zeigler will provide an exhaustive foundation before providing his opinions. Given the time constraints placed on the Court by Defendants' last-minute filings concerning this expert, I will explain my rationale more fully in a separate order. While the Court is denying Defendants' motion to exclude this testimony, the Court will require the expert testimony to conform to the limitations set out in the Graham, which directed that the expert's testimony conform to the DOJ's Uniform Language for Testimony of Reports for the Forensic Firearms/Toolmarks Discipline ("ULTR"). See United States v. Graham, No. 23-CR-00006, 2024 WL 688256 (W.D. Va. Feb. 20, 2024)

There is one point addressed in Defendants' motion that the court will briefly address now.

Defendants point, on page 5 of their motion, to a study entitled Cognitive Biases in the Peer Review of Bullet and Cartridge Case Comparison Casework: A field study (hereinafter, the "Cognitive Biases Study")) Defendants assert that this study is important because Zeigler and Fox were both directed to specific casings by the NIBIN automated correlation system, which can result in contextual bias. The Court has reviewed, not just the abstract of this study cited by the

defendants, but the complete underlying article.  This study does not render the Government's experts deficient under Rule 702.  While this study found increased disagreement in the blind comparisons in the study, the article makes clear that these disagreements concerned the examiners' views on the "evidential strength" of their conclusions based on a scale involving six different options ranging from "Approximately equally probable" to "extremely more probable." (Cognitive Biases Study at 1, 12, 21–22.)  The article, however, explains:

> We emphasize that these disagreements only concerned the judged evidential strength and not the source judgments themselves. The examiners did not disagree on whether the evidence supported a same-source or different-source conclusion, for which examiners did not provide contradicting judgments.  Providing judgments on the degree of support in the form of a likelihood ratio is fairly new. The results of this study show that there was between-subject variability in these judgments.  On average the proposed conclusions of the first and second examiner differed by one step on the conclusion scale (Table 1).

Id. at 12 (emphasis added).

This article also explains that studies in this field "typically focus on categorical conclusions (same-source, different-source or inconclusive judgments) and not on the judged evidential strength" and that "[l]ooking at this result solely in the context of this study, we believe that this is a fairly high degree of reliability of judgments."  Id. at 12.

This article might provide fodder for cross-examination concerning contextual bias, but it does not render the Government's expert opinions deficient under Rule 702.

**SO ORDERED.**

Dated:  February 18, 2026
Central Islip, New York

        /s/    (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE